19-2431
*Clarisse Bennett v. Dutchess County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty.

PRESENT:
>> ROBERT D. SACK,
>> RICHARD J. SULLIVAN,
>> STEVEN J. MENASHI,
>>> *Circuit Judges.*

———————————————————————

Clarisse Bennett,

>> *Plaintiff-Appellant*,

v.                                                                          19-2431

Dutchess County, New York, Detective
Frank Letizia, Individually, Sheriff Adrian
"Butch" Anderson, Individually, Detective
James Daniels, Individually,

*Defendants-Appellees*.[*]

| | |
|---|---|
| **For Appellant:** | AMY L. BELLANTONI, The Bellantoni Law Firm, PLLC, Scarsdale, NY. |
| **For Appellees:** | DAVID L. POSNER, McCabe & Mack LLP, Poughkeepsie, NY. |

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff Clarisse Bennett appeals from a judgment of the district court (Briccetti, *J.*) granting summary judgment to defendants Frank Letizia, James Daniels, Adrian Anderson, and Dutchess County on Bennett's claims that the defendant law enforcement officers violated her Fourth and Fourteenth Amendment rights by refusing to return firearms confiscated as a result of her husband's felony conviction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

*Standard of Review*

This Court reviews a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018).

*Discussion*

**A.    Fourth Amendment**

Bennett argues that the defendants violated her Fourth Amendment rights by holding firearms seized from her residence, even after learning that she had a valid ownership interest in the guns. Like the district court, we see no Fourth Amendment violation here.

"Where . . . an initial seizure of property was reasonable," the government's "failure to return the items does not . . . state a separate Fourth Amendment claim of unreasonable seizure." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). Consistent with this rule, it is unconstitutional for the government to keep property that was seized based on a warrantless arrest, as that basis is not "sufficient by itself to ensure the legality of the initial seizure." *Krimstock v. Kelly*, 306 F.3d 40, 50 (2d Cir. 2002). But "a seizure claim based

3

[solely] on the unlawful retention" of property that was lawfully seized has been recognized as "too novel a theory to warrant Fourth Amendment protection." *Shaul*, 363 F.3d at 187 (internal quotation marks omitted). Thus, "[t]o the extent the Constitution affords . . . any right with respect to a government agency's retention of lawfully seized property, it would appear to be procedural due process." *Id.*

Bennett's Fourth Amendment claim fails because she has challenged only the defendants' retention of the seized firearms – not their initial seizure. Indeed, Bennett's summary judgment briefing underscored the fact that her "complaint does not include a Fourth Amendment challenge to the initial seizure of her firearms." App'x at 454. Her appellate brief's belated assertion that the initial seizure lacked probable cause is not enough to revive an argument that has already been waived. *See Sczepanski v. Saul*, 946 F.3d 152, 161 (2d Cir. 2020). In any event, her argument has no merit: Bennett's husband, in complying with the court's order to surrender his pistols, consented to give law enforcement officers the firearms, opened the locked closet and safe for the officers, and thus revealed that he had full – and unlawful – access to the guns. *See* N.Y. Penal Law § 265.45; *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) (explaining that contraband in plain

4

view can be seized). Having neither preserved her challenge to the initial seizure nor shown any flaws in its execution, Bennett cannot succeed on her Fourth Amendment claim.

## B. Fourteenth Amendment

As noted above, Bennett's challenge to the sheriff's continuing retention of her firearms sounds in the due process clause of the Fourteenth Amendment. *Shaul*, 363 F.3d at 187. In essence, Bennett contends that once she sent a letter telling the defendants about her ownership interest in the guns, due process required "prompt notice of their reasons for not releasing her property." Bennett's Br. at 8. Again, we disagree.

"[W]hen law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *City of W. Covina v. Perkins*, 525 U.S. 234, 240 (1999). "Individualized notice" must tell the property owner "who was responsible for his loss." *Id.* at 241. Adequate notice must also "set forth the alleged misconduct with particularity," though the "particularity with which alleged misconduct must be described varies with the facts and circumstances of the individual case." *Spinelli v. City of New York*, 579

5

F.3d 160, 171–72 (2d Cir. 2009) (internal quotation marks omitted). Significantly, while law enforcement agents must provide the factual underpinnings justifying a seizure, *see id.* at 172, they are not required to educate the property owner about publicly available state law that would enable the owner to retrieve her property. *See Perkins*, 525 U.S. at 240 ("When the police seize property for a criminal investigation, . . . due process does not require them to provide the owner with notice of state-law remedies.").

The defendants here were not required to provide any notice beyond what was given. Bennett knew who took the guns she and her husband owned; she knew exactly which guns were taken; and she knew why they were seized. The reason did not change merely because Bennett alerted law enforcement – months after the seizure – of her property interest in the guns. At that time, just as at the time of the initial seizure, it was unlawful for there to be guns in the same house where her husband, a convicted felon, could access them. *See* N.Y. Penal Law § 265.45. Until she complied with the safe-storage requirements of the state penal law, the defendants were not obligated to release the guns to her. As Bennett herself concedes, the officers were not "obligated to instruct her on the law." Bennett's Br. at 12.

Bennett also does not identify any other issues with the procedures employed here. Her opening brief does not mention – much less analyze – any of the *Mathews* factors for determining if better procedural safeguards are required. *See generally Mathews v. Eldridge*, 424 U.S. 319 (1976). Even if she has not abandoned the issue altogether, she has at least failed to show a constitutional problem in the procedure followed by the defendants – a procedure that led to her guns being returned a few days after law enforcement learned that she had complied with New York's safe-storage requirements.

\*    \*    \*

In sum, Bennett has failed to establish a Fourth or Fourteenth Amendment claim against the individual defendants. And without an underlying constitutional violation, Bennett's *Monell* claim against Dutchess County likewise fails. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

### *Conclusion*

We have considered all of Bennett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7